**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br>    vs.<br><br>JARED THOMAS BOWERS,<br><br>                Defendant. | 3:13-cr-034-RRB-JDR<br><br>**SUPPLEMENTAL FINDINGS<br>Regarding<br>DETENTION ORDER** |

       A detention hearing as to Jared Thomas Bowers was held April 8, 2013, before the magistrate judge. *See* Minutes at Docket 38. An Order of Detention Pending Trial was entered at Docket 40. These Findings supplement the form order of detention. This order serves as written findings of fact and a written statement of the reasons for the detention pursuant to 18 U.S.C. § 3142(i)(1).

Bowers is charged in an Indictment with three crimes which each carry a statutory rebutable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f)(1). Bowers is charged in Count 1 with participation in a drug conspiracy; Count 10 with attempted possession of drugs for sale; and in Count 11 with possession of firearm in connection with a drug trafficking offense. Counts 1 and 10 each carry a minimum term of imprisonment if convicted.

Bowers is currently unemployed. In 2009 a warrant was issued for his failure to appear for the offense of misconduct involving a weapon pending in the District Court for Palmer; but the warrant was dismissed the following year. The circumstances of that case were not available to Pretrial Services at the time of their report. According to ACOMS, the defendant is a validated member of the Korrupted Crew. Pretrial Services assessed Bowers as a risk of failure to appear and a risk of danger to the community. Based on the nature of the charged offenses and the presumption of detention Pretrial Services recommended that he be detained.

The defendant's proposal for bail release provided that he would live at the residence of Erick Sargent overnight. During the daytime hours while Mr. Sargent was at work, the proposal was that Joseph Lumpkin would serve as third party custodian.

Mr. Lumpkin is a real estate agent and testified that he could make his schedule fit his duties as a third party custodian. Mr. Lumpkin is also the on sight

manager for the apartment building where he lives.  Mr. Lumpkin's application indicated that he has weekly used marijuana which he began smoking about 2007.  He has a 2005 charge for theft of lost property which was dismissed.  According to ASPIN, Lumpkin had undergone a background check by the State of Alaska Department of Health and Social Services in connection with coaching youth soccer and volunteering at a camp operated by the Hospice of Anchorage.

Erick Sargent has known the defendant since grade school and his children consider the defendant their "uncle."  Sargent insists that Bowers is not a criminal.  He opined that he did not believe that the defendant needed to be "detained" in any residence.  This opinion raises serious concern whether Sargent would actively supervise Bowers.

If the defendant were to reside at his house, Sargent stated, Bowers could either sleep on the couch or on a second bed in the girls' room (ages 2 and 5).  Although Sargent has no criminal history there is an advisement in ASPIN indicating that officers coming in contact with Sargent should contact the Anchorage Police Department gang expert for further information.  The case agent in this case advised that Sargent is believed to be a member of the Korrupted Krew.  The government may proceed in a detention hearing by proffer and hearsay.  United States v. Winsor, 785 F..2d 755, 756 (9th Cir. 1986).

The Pretrial Services Report states that according to the case agent surveillance of Bowers during the investigation indicated that he would normally

leave the residence about 2:00 PM and return about 4:00 AM. Alaska State Trooper task force Officer Vance Peronto testified that at least four times he observed Bowers visit Sargent late at night.

An agents stated to Pretrial Services that the firearm in Count 11 was found next to the defendant during his arrest and a search of the defendant's residence following his arrest resulted in the recovery of a stolen handgun and about $2,000 cash.

The proposed custodians are "friends" of the defendant. Pretrial Services opined that the electronic monitoring during the day would not effectively address the danger to the community and leave Bowers unsupervised for a period of time in which it would be difficult to determine what the defendant was doing.

At the detention hearing the magistrate judge rejected the defendant's bail proposal and ruled that the presumption of detention had not been overcome. Bowers acknowledges that he bears the burden of producing evidence in support of release. It is not clear under the law whether producing "any" evidence such as a deficient third party proposal is sufficient to rebut the statutory presumption. Each case must be considered in the context of its own facts. The presumption continues to carry weight even after the defendant makes a showing in opposition to it.

The factors set forth in 18 U.S.C. § 3142(g) the nature of the offenses alleged, and the defendant's past life style do not weigh in favor of release. Although the defendant is presumed to be innocent he is charged in an indictment

4

which represents a finding of probable cause to believe that he committed the offense alleged.  The weight of the evidence is the least important under § 3142(g).

Prior to his arrest Bowers was residing with his girlfriend and three children, ages 3, 1, and a newborn.  His prior employments had been for a few months at a time since 2009.   The girlfriend receives public assistance in and  a housing supplement.  The defendant has no financial resources of his own.

Considering all these factors and findings the magistrate judge concludes that Bowers poses a danger to the community and a flight risk which continues notwithstanding his plan for release on bail.  The past allegation of failure to appear suggests that he may be inclined to flee or fail to appear in court.  The gun charge and possession of guns suggests that Mr. Bowers may be inclined toward violence.

Mr. Lumpkin is not a suitable third party custodian because of his past apparent illegal use of marijuana. The proposed third party custodian Sargent works full time and the magistrate judge is uncomfortable with the defendant accompanying him to his job.

**Alternative Finding**

Even if the presumption of detention has been overcome by the particular evidence submitted by the defendant, the presumption continues to carry weight. United States v. Jessup, 757 F2d 378 (1st Cir. 1985).  The government has met its burden of persuasion by a preponderance of evidence that Bowers is a flight

risk and by clear and convincing evidence that Bowers is a danger to the community. Accordingly, a detention order has been entered.

DATED this 28th day of May, 2013, at Anchorage, Alaska.


*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge