**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>  vs.<br><br>CHRISTOPHER THOMAS MEJIA,<br>JARED THOMAS BOWERS, and<br>RHADAMES MARMOLEJOS, JR.,<br><br>        Defendants. | 3:13-cr-00034-TMB-JDR<br><br>**<u>RECOMMENDATION REGARDING MOTION TO SEVER DEFENDANTS</u>**<br><br>(Docket No. 61) |

      Defendant **Jared Thomas Bowers** moves the court to sever his trial from that of his co-defendant **Christopher Thomas Mejia** pursuant to Federal Criminal Rule 14. Docket 61. The defendant filed a supplement to his motion at

Docket 106. Defendant Mejia did not join in the motion. The government opposed the motion at Docket 108. Upon due consideration it is recommended that the Motion to Sever be DENIED.

The government obtained an eleven count indictment charging three defendants with violations of the drug laws. Co-defendant Rhadames Marmolejos, Jr., has provided notice of his intent to plead guilty. Counts 2 through 9 identify only Marmolejos as the defendant.

Only defendants Bowers and Mejia are set for trial on Counts 1, 10 and 11. Count 1 alleges a conspiracy involving Bowers, Mejia and Marmolejoes dating from October 17, 2012 to February 22, 2013. The defendants are charged with the conspiracy to distribute and to possess with intent to distribute one kilogram or more of a substance containing heroin in violation of 21 U.S.C. § § 846 and 841(b)(1)(A). Count 10 charges Mejia and Bowers with attempting to possess with intent to distribute 100 grams or more of a mixture containing heroin in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B) on February 21, 2013. Count 11 charges the same two defendants on the same date during and in relation to a drug trafficking crime as charged in Counts 1 and 10, did use and carry knowingly possess a firearm, namely a .45 caliber semi-automatic pistol in furtherance of said drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1)(A)(I).

The motion for severance is based upon the following grounds: (1) a joint trial will result in substantial prejudice to the rights of the defendants to a fair trial; (2) the government intends to offer two incriminating statements about defendants Mejia and Bowers based upon jail house phone calls;[1] (3) the government's quantity of evidence is likely to be greater against the co-defendant; (4) there's a danger that the jury may convict Bowers impermissibly based upon guilt by association; (5) evidence of the informant's activities with Mejia is irrelevant and highly prejudicial to Bowers; and (6) there is a danger the jury may convict Bowers based upon the spill over of prejudicial evidence. These grounds are discussed below.

**Discussion**

A. General Consideration

Joinder is the rule rather than the exception. A party seeking severance bears a burden of showing that joinder is so prejudicial that it out weighs a dominate concern with judicial economy and compels the exercise of the court's discretion to sever. United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). The Motion to Sever does not raise a joinder issue.

---

[1] These phone calls are identified generally in the government's response to defendant's motion in limine, Docket 93.

In conspiracy cases, defendants jointly charged are presumptively to be jointly tried. United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.) cert. denied 449 U.S. 856 (1980); United States v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1974). A conspirator is liable for all the acts done and words spoken by any other conspirator in furtherance of the common objective even if done in the absence and without the knowledge of the other members of the conspiracy. United States v. Pinkerton, 328 U.S. 640, 645-47 (1946). Once a conspiracy is proven to exist, only a "slight connection" of each defendant to the conspiracy is necessary to establish his or her guilt. United States v. Cuevas, 847 F.2d 1417 (9th Cir. 1988).

Rule 14 sets a high standard for a showing of prejudice. United States v. Vasquez-Velasco, 15 F.3d 833 (9th Cir 1994). [C]o-defendants jointly charged are, prima facie, to be tried jointly, . . ." United States v. Gay, 567 F.2d 916, 919 (9th Cir. 1978). A defendant is not entitled to a severance simply by showing that separate trials would create a better chance for acquittal or that a co-defendant is more culpable. Zafiro v. United States, 506 U.S. 534, 538 (1993).

The defendant must make a showing of specific prejudice to overcome the policy of joint trials and obtain a severance. When defendants have been properly joined the court should grant severance only if there is a serious risk that a joint trial would prejudice a specific trial right of one of the defendants or prevent

the jury from making a reliable judgment about guilt or innocense.  United States v. Mayfield, 189 F.3d 895 (9th Cir. 1999).

Such prejudice must be "clear, manifest, or undue." United States v. Olano, 62 F.3d 1180, 1195 (9th Cir. 1995). The prejudice must be of such nature and significance sufficient to violate a defendant's substantive rights or deny the defendant a fair trial. United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991). A primary consideration in assessing prejudicial effect in the joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants. See *e.g.*, United States v. Escalante, 637 F.2d 1197 (9th Cir. 1980).

An assertion that separate trials might offer a defendant a better chance of acquittal, or that the prosecutor's case is stronger against a co-defendant than against the moving defendant is insufficient to meet the defendant's burden of demonstrating that a manifest or undue prejudice will result from a joint trial. United States v. Sears, 663 F.2d 896 (9th Cir. 1981).  The defendant must show more than a separate trial would give him a better chance for acquittal.  United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986).

The mere inconsistency in defense positions is insufficient to find the defendants' defenses antagonistic for purposes of establishing a right to separate rather than a joint trial.  United States v. Tootick, 952 F.2d 1078, 1081 (9th Cir. 1991).

"Conflicting and antagonistic defenses being offered at trial do not necessarily require granting a severance, even if hostility surfaces or defendants seek to blame one another." United States v. Brady, 579 F.2d 1121, 1128 (9th Cir. 1978), cert. denied 439 U.S. 1074 (1974).

The U.S. Supreme Court has held that the risk of prejudice posed by joint trials can often be cured by proper jury instructions. Zafiro v. United States, 506 U.S. at 540-41. Limiting jury instructions given by the judge can provide adequate protection to a defendant against a "spill over" effect of evidence admitted against a co-defendant. United States v. Nelson, 137 F.3d 1094, 1108 (9th Cir.), cert. denied 119 S. Ct. 2 (1998). The Supreme Court has concluded that the prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge. Zafiro, 506 U.S. at 540-41. There is no reason in the instant case to conclude that the jury would not be able to easily compartmentalize the evidence as it relates to the individual defendants.

B.   Bruton Problem

Bowers claims that a joint trial will violate the holding in Bruton v. United States, 391 U.S. 123 (1968). In Bruton, the Supreme Court held that the admission of a statement made by a non-testifying defendant that inculpates a co-defendant violates the co-defendant's right to confront a witness. Only those statements by a non testifying defendant that directly inculpate a co-defendant give rise to the

6

Constitutional violation. In Bruton, the court held that even in the face of a limiting instruction, the substantial risk that the jury would consider a non testifying co-defendant's confession in weighing the defendant's guilt violated the defendant's Sixth Amendment Right of confrontation. If the extra judicial statement can not be effectively purged of references to the defendant, Bruton mandates separate trials.

Bruton recognizes that the presumption that the jury has the ability to disregard an incriminating statement by a co-defendant is unrealistic in some contexts. Where the jury risk is great and the consequences of the failure so vital to the defendant, then the introduction of the incriminating statement may violate the co-defendant's confrontation rights. For example, Bruton does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E) of Federal Rules of Evidence.

Bruton does not apply to an out-of-court statement which is admissible as the statement of a co-conspirator under Federal Rule of Evidence 801. United States v. Eaglin, 571 F.2d 1069 (9th Cir. 1977). Under the federal co-conspirator hearsay exception extra judicial statements of one conspirator pursuant to or in furtherance of the conspiratorial are admissible in evidence against any other member of the conspiracy if there is at least prima facie proof of the conspiracy alleged by the prosecution.

The Supreme Court has held that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when a confession is redacted to eliminate any reference at all to the defendant. Richardson v. Marsh, 107 S. Ct. 1702 (1987). The substitution of a neutral pronoun in place of a defendant's name does not remove a Bruton problem if it is obvious that an alteration has occurred to protect the identity of a specific person. United States v. Peterson, 140 F.3d 819, 822 (9th Cir. 1998). Richardson places outside Bruton statements that incriminate inferentially depending on the kind of inference. Contextual analysis determines whether redaction solves a Bruton problem.

In a separate order, this court required the government to proffer its evidence involving jail calls to determine whether the evidence intended to be introduced by the government comports with Bruton. In response the government stated that it will not use the recordings in its case-in-chief. *See* Notice of Submission, Docket 110, p.2.

**Conclusion**

In the absence of a Bruton issue Bowers has not met his burden of demonstrating undue prejudice resulting from a joint trial. United States v. McDonald, 576 F.2d 1350 (9th Cir. 1978). Should the government decide to use a call from the Anchorage Jail to rebut the defense, the court should revisit the Bruton

issue. Accordingly, the Motion to Sever should be DENIED, without prejudice. IT IS SO RECOMMENDED.

DATED this 19th day of July, 2013, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge

In light of the pending trial date in this matter and pursuant to Rule 59(b)(3), Federal Rules of Criminal Procedure, **any objections will be considered by the District Court Judge** who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendation. Failure to object in accordance with this rule waives a party's right to review.

**Counsel should be prepared to address any Objection(s) to this report and recommendation on Monday, July 22, 2013 at the scheduled pretrial conference set for 9:00 AM before the assigned district judge**, unless otherwise ordered by the court.